IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS et al.,<br><br>                 Plaintiffs,<br><br>vs.<br><br>AURELIA SKIPWITH et al.,<br><br>                 Defendants. | CV 20–97–M–DLC<br><br><br>ORDER |

The Complaint and Answer having been filed in this case, and pursuant to Federal Rules of Civil Procedure 16(b) and 26(f) and L.R. 16.1, 16.2, & 26.1,

**IT IS ORDERED:**

**1. Rule 26(f) Conference and Case Management Plan**. A Case Management Plan shall be filed on or before **NOVEMBER 9, 2020.** Lead trial counsel for the respective parties shall, at least two weeks before the Case Management Plan is due, meet to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case and to develop a proposed case management plan. The case management plan resulting from the Rule 26(f) conference is not subject to revision absent compelling reasons.

**2. Contents of Case Management Plan**. The Case Management Plan shall contain deadlines for the following pretrial motions and events or shall state that such deadlines are not necessary:

    Motions to Dismiss (fully briefed)
    Certification of Administrative Record
    Motions to Supplement the Administrative Record
    Motions to Amend the Pleadings
    Completion of Discovery

      Motions for Summary Judgment (fully briefed)
      Additional Deadlines Agreed to by the Parties

"Fully briefed" means that the motion, the brief in support of the motion, and the opposing party's response brief are filed with the court by the deadline.

    **3.  Representation at Rule 26(f) Conference**.  Each party to the case must be represented at the Rule 26(f) conference by at least one person with authority to enter into stipulations.

    **4.  Stipulation to Foundation and Authenticity**.  Pursuant to Rule 16(c)(3), the parties shall either:
      (a) enter into the following stipulation:

        The parties stipulate as to foundation and authenticity for all written documents produced in pre-trial disclosure and during the course of discovery.  However, if receiving counsel objects to either the foundation or the authenticity of a particular document, then receiving counsel must make specific objection to producing counsel in writing within a reasonable time after receiving the document.  A "reasonable" time means that producing counsel has sufficient time to lay the foundation or establish authenticity through depositions or other discovery.  If the producing party objects to a document's foundation or authenticity, the producing party shall so state, in writing, at the time of production, in sufficient time for receiving counsel to lay the foundation or establish authenticity through depositions or other discovery.  All other objections are reserved.

or,
      (b) state why a stipulation to authenticity and foundation is not appropriate for the case.

    **5. Administrative Record:** If an administrative record is involved, it must be filed in an indexed and searchable electronic format.  The government shall provide Plaintiff with the administrative record on or before the administrative record filing deadline set out in ¶ 3, supra.

DATED this 9th day of September, 2020.

_____
Dana L. Christensen, District Judge
United States District Court